PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTINA LIU (CABN 308362)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5051
    FAX: (408) 535-5081
    christina.liu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHONY CRISTIAN VALDOVINOS,<br><br>    Defendant. | CASE NO. CR 21-51 WHO<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Court:  The Honorable William H. Orrick<br>Date:   April 24, 2025<br>Time:  1:30 p.m. |

    The United States submits this sentencing memorandum for the Court's consideration and respectfully recommends a sentence of time served for defendant Anthony Cristian Valdovinos.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

<u>Offense Conduct</u>

    In July 2020, Valdovinos agreed to help co-conspirator Mark Ogo pick up methamphetamine in Southern California from co-conspirator William Riedy and transport it back to the Northern District of California for Ogo's further distribution. Valdovinos and Ogo discussed the trip and payment logistics

through text messages beforehand.  Ogo offered to pay Valdovinos $200 and an additional quantity of drugs for his efforts, but Valdovinos declined the drugs and asked for a larger cash payment instead.  Valdovinos agreed that they would each carry $10,000 in cash to pay for the costs of the trip, though it is unclear whether either individual ultimately did bring this amount of cash with him on the trip.

During their preparation for the trip, Valdovinos suggested that they each buy their own plane ticket, rather than one person buying both of their tickets, so as to avoid law enforcement detection.  Ogo reimbursed Valdovinos for the cost of Valdovinos's plane ticket through CashApp, and Valdovinos scolded Ogo for referencing the nature of the payment in the CashApp transaction notes.

Valdovinos and Ogo thereafter flew from the Northern District of California to the Southern District of California, secured a rental car, and drove to a hotel in Calexico, California.  Riedy met them there with a car tire containing 28 to 30 hidden packages of methamphetamine.  Valdovinos and Riedy cut open the car tire and retrieved the methamphetamine.



Valdovinos and Ogo took possession of the methamphetamine with the intent to distribute it onwards to Ogo's drug customers.  Valdovinos drove himself, Ogo, and the methamphetamine back up to the Northern District of California, where law enforcement agents stopped their car and seized the methamphetamine.

UNITED STATES' SENT'G MEM.
CR 21-51 WHO                                                    2

Subsequent lab testing revealed that the seized methamphetamine contained nearly twelve kilograms of actual methamphetamine.

<u>Procedural History</u>

On February 4, 2021, the United States filed a complaint charging Valdovinos, Ogo, and Riedy with drug offenses in connection with their scheme to distribute and to possess with intent to distribute methamphetamine to others. Dkt. 1 (Complaint).

On February 9, 2021, a grand jury issued an indictment charging Valdovinos and his co-defendants with drug offenses arising from the same charged conduct. Dkt. 3 (Indictment). Valdovinos was arraigned on June 14, 2021. Dkt. 38 (Minute Entry).

On February 28, 2024, Valdovinos pled guilty, without a plea agreement, to conspiracy to distribute and possess with intent to distribute five grams and more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), and to distribution and possession with intent to distribute five grams and more of methamphetamine, in violation of § 841(a)(1) and (b)(1)(B). Dkt. 200 (Minute Entry).

On April 6, 2025, during his period of pretrial release, Valdovinos successfully completed the Conviction Alternative Program (CAP). PSR ¶ 12.

## II.   SENTENCING GUIDELINES CALCULATIONS

The United States agrees with Probation that the Sentencing Guidelines calculation is as follows:

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. §2D1.1(c)(11) | 38 |
| b. | Specific Offense Characteristics, U.S.S.G. §2D1.1(b)(1)(18) | -2 |
| c. | Acceptance of Responsibility, U.S.S.G. §3E1.1 | -3 |
| d. | Chapter Four Adjustment, U.S.S.G. §4C1.1 | -2 |
| e. | Total Offense Level: | 31 |

*See* PSR ¶¶ 29-38.

The United States agrees with Probation that a mitigating role adjustment under U.S.S.G. §3B1.2 is unwarranted given the critical roles that Valdovinos played in the drug trafficking scheme. For example, before the trip, Valdovinos advised Ogo on how best to purchase plane tickets for the trip

while minimizing their exposure. During the trip, Valdovinos went with Ogo to meet Riedy and was instrumental in cutting open the car tire to access the methamphetamine inside. Towards the end of the trip, Valdovinos was the one who drove the car containing the methamphetamine back up to the Northern District of California. Thus, Valdovinos was more than a minimal or minor participant in these drug trafficking activities and should not receive a mitigating role reduction.

Lastly, the United States agrees with Probation that Valdovinos has a criminal history score of zero, a criminal history category of I, and a Sentencing Guidelines range of 108 to 135 months. *Id.* ¶¶ 42, 71.

### III. SENTENCING RECOMMENDATION UNDER THE 18 U.S.C. 3553(a) FACTORS

The United States joins in Probation's recommendation that the Court vary downward and impose a time served sentence in this case. Valdovinos has a long history of abusing alcohol and controlled substances for most of his adult life. *Id.* ¶ 59. He has no prior convictions. *Id.* ¶ 42. His participation in the instant conduct appears related to his drug addiction. *See id.* ¶ 26. Since entering the CAP program, Valdovinos has attained sobriety, secured steady and full-time employment, and participated in drug testing and treatment, group meetings, and a mentorship program. *Id.* ¶ 11-12. Outside of the CAP program, he has participated in pro-social activities and reconnected with his family on his own. *Id.* In light of Valdovinos's willingness and commitment to pursue long-term drug treatment and different lifestyle choices, as well as the progress he has made thus far, the United States agrees that a downward variance to a time served sentence is warranted under these circumstances.

### IV. CONCLUSION

The United States respectfully recommends that the Court impose a below-Guidelines sentence of time served in this case.

DATED: April 11, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

/s/ *Christina Liu*
Christina Liu
Assistant United States Attorney